### HILLIARD v. STEWARTSTOWN.

A man who entered the army as a commissioned officer of volunteers, is not entitled to the bounty voted by a town under the statute which authorized towns to raise and appropriate money " to encourage enlistments in the army."

ASSUMPSIT to recover a bounty of three hundred dollars. The facts sufficiently appear in the opinion of the court.

*Ray & Ladd* for the plaintiff.

*Fletcher & Heywood* for the defendant.

PERLEY, C. J. The statute of July, 1862, authorized the several towns and cities in the State at any legal meeting held for that purpose, to raise and appropriate money "to encourage volunteer enlistments in the army." The defendant town at a meeting held January 9, 1864, voted "to raise three hundred dollars for each man who will enlist in the service of the United States to fill the quota of the town."

The plaintiff offered evidence that on the 11th of December, 1864, he received a commission from the State as Captain of Company B, in the 5th Regiment of New Hampshire Volunteers, was mustered into the service as Captain on the 7th of February, 1865, and was assigned to the town of Stewartstown. There was no other evidence that he enlisted pursuant to the statute and the vote of the town ; and one of the questions raised on the case is whether a man who received a commission from the State, and was mustered in as a commissioned officer, can be held to have enlisted in the service of the United States, within the meaning of the statute and this vote of the town.

It was to encourage enlistments in the army that towns were empowered to raise money, and the money was voted by the town for men who should enlist in the service of the United States. To recover in this suit the plaintiff must show that he enlisted in the service and was an enlisted man.

The words *enlist* and *enlistment*, used in the statute and in the vote of the town, are military terms, and if they have a definite and well understood military meaning, it must be presumed that they are used in that sense in the statute and in the vote of the town, unless there is something to show the contrary. The term *enlist*, or *list*, used to signify the engagement of a soldier to serve in the army, is not of recent origin, nor peculiar to our service ; it was familiarly used in England long before our revolution, and has had there the same general meaning as with us. In the mutiny act of 6 Ann. Ch. 18, the military law was extended to " every person being in Her Majesty's service, mustered in and in pay as an officer, or *listed*, or in pay, as a soldier." Here the distinction is clearly marked between the man who is mustered in as an officer, and the man who is *listed* as a soldier. It is plain that the officer, who entered the army on receiving a commission, was not under-

stood in the provisions of the mutiny acts to have enlisted or to be an enlisted man.

The provisions of the English mutiny acts, re-enacted from time to time, were in substance adopted as the American articles of war by the Continental Congress in 1776, and still remain as the foundation of our military law.    3 Life and Works of John Adams, p. 83, 84; Acts of Congress, April 10, 1806, and July 22, 1861.    In the Articles of War and in the Army Regulations, the distinction between officers who receive commissions in the army, and the rank and file who enlist, is maintained wherever the subject is mentioned.    Thus in the articles of war, by article 10, every non-commissioned officer or soldier who shall enlist himself, shall have the articles of war read to him: by article 11, after a non-commissioned officer or soldier shall have been duly enlisted and sworn, he shall not be dismissed without a written discharge; by article 22, no non-commissioned officer or soldier shall enlist himself in any other regiment.    So in the Army Regulations, article 51 prescribes the dress for commissioned officers, and also for *enlisted* footmen and *enlisted* cavalry and artillery; and the instructions to recruiting officers and the prescribed form of enlistment signed by the soldier show that none but rank and file *enlist*.    In the language of the military reports during the late war of the rebellion, privates and non-commissioned officers were usually distinguished from commissioned officers by the designation of *enlisted men*.    In the report of the Secretary of War for 1866–67, he says the muster in of commissioned officers and *enlisted men* was under the charge of the Adjutant General throughout the war; and General Sherman in his report for the same year, states the aggregate force in his military district to consist of 578 commissioned officers and 13,953 *enlisted men*.

I do not find that in military usage the term *enlist* or *enlistment* is ever used to signify the engagement of a commissioned officer in the military service; it is always, so far as I can find, limited to the rank and file, and the popular meaning is the same; no one would understand that a man who was said to have *enlisted* in the army, had obtained a commission and entered the service as a commissioned officer. Whether the term is taken in a technical or in the popular sense, the man who enters the service as a commissioned officer cannot be said to *enlist* or to be an *enlisted man*.

If we look to the object and design of the statute and the vote of the town, I can see nothing in them which can be supposed to enlarge the technical or the ordinary meaning of the terms *enlist* and *enlistment* so as to include a man who entered the army as a commissioned officer. There was much difficulty in obtaining recruits of rank and file to fill up the army; but I never understood there was any scarcity of men who were ready to accept commissions in the service.    No bounty was necessary to obtain abundance of officers.    The difficulty was to obtain men who would enlist as rank and file, and to such only was the bounty offered in terms of well defined meaning, and to no others.

We are of opinion that the plaintiff, when he took a commission and

entered the army as captain, did not enlist and was not an enlisted man within the meaning of the statute and the vote of the town.

This point goes to the foundation of the plaintiff's claim, and it is unnecessary to consider the numerous other questions raised in the case.

*Judgment for the defendant.*