10547

McQUEEN v. SOVEREIGN CAMP W. O. W.

(106 S. E. 32)

INSURANCE—PROVISION FOR ADDITIONAL PREMIUM ON BEING "ENLISTED" FOR MILITARY SERVICE INCLUDES DRAFTED MEN.—The provision of a life insurance policy reducing the amount of recovery in case of insured's death outside the United States while in military service as an enlisted man, unless insurer was notified of such enlistment and an additional premium paid, means, by the word "enlisted," one enrolling in the service, whether he volunteered or was drafted, and where such a one failed to comply and died in service his beneficiary cannot recover the full amount of the policy.

Before McIver, J., Dillon,   April, 1920.   Reversed.

Action by Neill E. McQueen against Sovereign Camp W. O. W. on an insurance certificate.   From   judgment   for plaintiff the defendant appeals.

The provision of the certificate of insurance referred to in the opinion follows:

"(5)    In the event the holder of this certificate shall die while serving in any branch of the United States Army or Navy, either as an officer or enlisted man, outside the boundaries of the United States of America, then the amount due under this certificate shall be such proportion of the amount thereof as the period he has lived since becoming a member bears to his expectancy of life at the time of becoming such member, determined by the National Fraternal Congress Table of Mortality. Provided, that should the holder of this certificate so desire, he may within thirty (30) days after entering the service in any branch of the United States Army or Navy, as an officer or enlisted man, notify the sovereign clerk at the home office of the society, Omaha, Nebraska, United States of America, that he has entered such service of the United States of America and pay in advance to the sovereign clerk, for the society, the sum of thirty-seven and 50-100 ($37.50) dollars, per one thousand dollars insurance per annum, in addition to the regular assessment prescribed by Section 56 of the Constitution and laws of the Woodmen of the World, and upon so doing at the death of the member, or as soon thereafter as possible, the amount prescribed in this certificate shall be paid to his beneficiary or beneficiaries."

*Messrs. Gibson & Muller,* for appellant, cite: *Two classes in the army are "officers" and "enlisted men"*: Draft Act (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, Secs. 2044a, 2044k) Sec. 3; C-15, Sec. 2, C-15, Sec. 12: R. S. Secs. 1232, 1234. *Construction contended for has been approved*: 107 Mass. 282; 212 S. W. 310.

*Joe P. Lane, Esq.,* for respondent, cites: *"Enlist" denotes voluntary entry into the army and drafted man is not an "enlisted man*: *Webster's Dict.* 1911; 14 Cyc. 1017; 15 Cyc. 1051; 16 Ct. Cl. 202.

February 28, 1921.

The opinion of the Court was delivered by Mr. Justice Fraser.

There is only one question in this case. Lonnie McQueen took out a policy of insurance with the Sovereign Camp Woodmen of the World. This policy required the insured to notify the company if he enlisted in the army or navy in time of war, for service outside of the United States, and to pay an additional premium. Mr. McQueen was drafted and died in France. He neither notified the company nor paid the extra premium. Judgment was given for the plaintiff, the beneficiary, on the ground that the deceased was not an enlisted man, but a drafted man, and was not required by the terms of the policy to give the notice or pay the extra premium. The defendant offered to return the premium.

The question is: Was Lonnie McQueen an enlisted man within the terms of the policy? The increased danger of the insured as a soldier is fully recognized by the policy in the requirement of an extra premium. That danger was recognized as increased by service outside of the United States, and this is true, whether his enlistment was voluntary or enforced. The difference is technical and not a matter of substance. The technical objections even cannot be sustained.

Century Dictionary:

"Enlist: I. To enter, as a name on a list; enroll, register. 2. To engage for public service, especially military or naval service, by enrolling after mutual agreement, as to enlist men for the army."

Webster:

"To enroll; to register; to enter a name on a list. 2. To engage in public service, by entering the name on a register, as an officer enlists men."

Bouvier:

"Enlistment:  The act of making a contract to serve the Government in a subordinate capacity, either in the   army or navy."

It is thus seen that there is high authority for holding that, when a man enters his name on a list of the army or navy, he is an enlisted man, whether he volunteered or was drafted.  The service outside of the United States is recognized by the policy as requiring a higher premium.  The plain English of the policy makes no distinction and there is none.

The exception that raises this question is sustained, and the judgment is reversed.

GARY, C. J., and WATTS and COTHRAN, JJ., concur.

COTHRAN, J.  I concur upon the additional ground that the provision in the certificate relating to "officers and enlisted men" should be interpreted in the common acceptation of those words as referring to commissioned officers and all soldiers below that rank, whether voluntarily enlisted or enlisted (which necessarily occurs) under the Draft Act (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919. §§ 2044a-2044k).  This interpretation conforms to Articles of War 1, 2 (U. S. Comp. St. § 2308a;) U. S. Army Regulations April, 1917; Draft Act, article or section 1, paragraphs 3, 7, sections 2, 10, 12; Barnes' Federal Code, § 10221 (U. S. Comp. St. 1918; U. S. Comp. St. Ann. Supp. 1919, § 2044a) and has the support of *Hillard v. Stewartson,* 48 N. H. 280, and *Miller v. Illinois Co.,* 138 Ark. 442, 212 S. W. 310, 7 A. L. R. 378.